The court,
Waties, Bay, Brevard, and Wilds, Justices,
were of opinion that the original bond being usurious and void, by the act of 1777, P. L. 286, the bond given for the same, was also void.
Bay, J.,
said, the first bond being utterly void, in law, could not be a lawful consideration for the second, and that the ignorance of the obliger in the second bond, of the invalidity of the first bond, ought not to operate to prejudice his right.
Brevard, and Wilds, Justices,
were of opinion that the act against usury was properly pleaded to the second bond, as the' Obligee in the second bond was the same person who is obligee in the first; and that although a bond given for a negotiable note, in the hands of an innocent indorsee, without notice of its having been give» for an usurious consideration, cannot be avoided *550 by thé plea of usury, (see 8 D. and E. 390,) yet it may be avoided if the indorsee had notice of the usury before he received ^10 nole' So, here, tire plea is good against' the obligee, in the substituted bond, because he is the party to whom the original bond wag payóle, and the person to be benefited by the unlawful interest contracted for, and must have been cognusant of the illegal quality of the original bond ; and as to him, it is a mere renewal of the original usurious contract, and, therefore, void by the act against usury. 7 D. and E. 184. 3 Wilson, 250. 1 D. and E. 296. Moor, 752. Cro. J. 508, 33. Doug. 936. 3 D. and E. 537. Peake’s N. P. 200.
Watjes, J.,
in delivering his opinion, said that the consideration of the substituted bond was illegal, being the same as the consideration of the original bond ;.but he rather disputed the propriety of the mode of defence which had been adopted. Yet as it appeared, the defendant in giving the second bond, acted as the friend of J. S., and in some sort as the agent of the executrix, it might be consi. dered as ‘a renewal of the original bond, and that he thought in that view the plea was supported.
Note. In Ellis v. Warnes, Moor, 752, Cro. J. 33, it was ruled, that as the plaintiff Une to not of the usury between the defendant and Aldworth, for the transfer of the debt due from the defendant, he ought not to suffer by the usury-ire the original transaction. In the case of Cuthbert v. Haley, 8 T. R. 390, it was ¡considered that the bond was given not to secure the payment of money lent by Plank to the defendant, upon usury, but to secure the payment of money advanced bona fide. In that case A. who gave the note to B., gave a bond for the same to C., who had received the note from B., without any notice or knowledge of the usurious consideration. If the bond had been given to B., it had been void. In Maddock v. Hammett, 7 T. R. 184, a note was made by Haviland, payable to Yea, and indorsed by him. Haviland afterwards took up the note, which had been made on an usurious consideration, and gave another note in the room thereof. The second note was held usurious. See 10 Johns. 185. Jackson v. Henry. 8 D. and E. 390. Cuthbert v. Hales. 1 Lord Raym. 87. Salk. 344. Hussey v. Jacob.